24-17-4-4 United States of America v. Kyrrah Cornell RadakerCarter Oral argument not to exceed 15 minutes per side Ms. Kinney for the defendant appellant Good morning your honors, my name is Celeste Kinney May it please the court, I'm an assistant federal defender representing Mr. Kyrrah RadakerCarter And I'd like to reserve three minutes for rebuttal Right Thank you Your honors, we're asking for this court to reverse the district court's denial of Mr. RadakerCarter's motion to suppress Because in this case, the photo array that was arranged by the Detroit Police Department was unduly suggested And independent of that suggested photo array, the witness's identification of Mr. RadakerCarter was unreliable When we look at the photo array in this case, the witness was carjacked at a Dollar General She made an initial description of one of the suspects And it was quite general, it was that it was a lighter skinned man, possibly Hispanic or of mixed race 5'9 to 5'10, slim build, with a faint sandy brown beard As she's making this description, there is a third party who says Hey, I'm going to give you that name in a little bit, in front of the police officers Two hours later, when she's at her home, giving this description again She provides the Detroit Police Department with the phone number for this third party The police department engages with that third party They receive photographs of Mr. RadakerCarter And that is what leads them to finding a picture of him in the law enforcement information network That they put in the photo array What they don't do is get filler photographs from that same database They go to the Detroit Mugshot database Where the photographs are of a much less clearer quality The background is much lighter And there is a very harsh lighting on each of those filler photographs Which causes Mr. RadakerCarter's photograph, which is placed in the center top line To stick out drastically This is in addition to These arguments were made to the district court, were they not? They were, yes The district court found, as a matter of fact, that that was not true, is that right? The district court really did not make any factual findings, your honor The district court's opinion was essentially four sentences And it was essentially legal conclusions That it felt that the police were not involved But we know that the police were involved How about unduly suggestive? Didn't the district court rule as a matter of fact that the array was not unduly suggestive? Our position is that that was a legal conclusion That it was not persuaded that it was unduly suggestive But that's all that the district court said Did the district court rule that it was not unduly suggestive? Yes, the district court did rule that You're saying that that is a legal ruling, not a factual finding Yes, your honor Why is that not a factual finding? Well, the district court didn't do really any analysis at all It looked at the pictures And to say whether it's unduly suggestive Seems to me it's a matter of fact The district court failed to do a sufficient analysis in this case If you look to other cases where the court has decided whether a photo array was unduly suggestive or not There's more engagement with Is a particular facial feature from the suspect more... Your argument is the background of the defendant is dark While the other backgrounds are light And that gives it, I guess, greater focus, I guess And I think... I mean, whether it gives it more focus or not Legal or factual? I guess you're saying it's legal then Yes, and it's not just that Mr. Radcliffe Carter's background was darker It's that the quality of his picture was more pixelated Or it was clearer to the average viewer I mean, I've got the pictures And I don't see a difference in that You say it is Do you have that confirmed or something? That there's more pixels in the other photos? I don't have that confirmed, Your Honor But when you look at the pictures themselves His facial features are more distinguishable than any of the filler photographs And if you look at that harsh lighting that I mentioned earlier It is very difficult to see the exact facial features of the five surrounding filler photographs As compared to Mr. Radcliffe Carter's You seem to be leaning into the argument that it was a distinctive shading in the background We're all looking at it We can see the same shading you're referring to Is that your best argument? As opposed to, for example, the number of photos Or the placement of this particular photo? I think cumulatively it all leads to it being unduly suggestive Because the court has said that when you do... It's not that the six photographs are per se unconstitutional or violative of due process But when you do have a lower number of photographs, such as six These minor, what can be considered minor irregularities Are worthy of more consideration And so when you look that there are only six photographs And that Mr. Radcliffe Carter's photograph is in the top center In addition to him having a darker background In addition to the shading being much different on his photo All of that leads to an unduly suggestive lineup I'm actually just trying to struggle with why top center is necessarily suggestive As opposed to any other of the five other placements Well, because your eyes just go to it I think when you're in the top center Your eyes naturally go to that center placement But again, that is in conjunction with all of the other suggestive factors that are present In the photo array Is there a case we can look to that really focuses in on this No pun intended, on the kind of shading or the background Or the way that it's portrayed in relation to the other photos Not in the way that it would be combined with all of the other factors that I've mentioned Most of the case law looks to individual factors Where you're seeing that the background alone Is not going to rise to the level of unduly suggestive Or the placement alone is not going to rise to unduly suggestive But all of these things together It does rise to that level And you have to pair that with the Detroit Police Department's knowledge That the witness had had this interaction with this third party Who is sending her messages Saying that Mr. Radcliffe Carter She's giving an allegation that he carjacks people for a living That he recently had been released from prison And they know that she has had this interaction Sorry to interrupt, but what should they have done differently then Because of that knowledge Yes, I think at the very least They could have gotten all of the photographs from the same database To ensure that the quality of the photographs That the background of the photographs were similar They could have at least done that And they said at the suppression hearing That it's their usual practice To get it from the Detroit mugshot database Mr. Radcliffe Carter did not have a mugshot there But there was no explanation as to why They could not have gotten all of the photographs From the same database To make sure that the lineup was fair What database would they look at then? The law enforcement information network Where they got Mr. Radcliffe Carter's photograph from And the other people were there Or they could have found similar people is the idea Yes, they could have found similar people And in addition to, thank you Judge Moore Mr. Radcliffe Carter most closely matches her initial description And so when you look at the five filler photographs They are not similar in the way that they should be And you do not have to find a perfect match But they are not similar in the way that they should be To Mr. Radcliffe Carter He is the one who most closely matches her description And again, when you pair that with The Detroit Police Department's knowledge That she has had this interaction with this third party Who is giving her information that is suggestive to her They did not take that extra step To make sure that the photo array was not suggestive To safeguard Mr. Radcliffe Carter's due process rights Correct me if I'm misstating the facts I thought that the witness to the carjacking The person who was carjacked EJ, right?  That she was given a photo By this third party person Who was in the store at the time that the carjacking took place And who knew the defendant Through some schooling that they had had together So I thought that EJ had been provided with a photo already Of your client Am I wrong on that? She was provided with a photograph after she requested it In anticipation of her lineup To make sure she got it right EJ, the carjack victim Requested it from the other observer Who said that they knew the defendant here Yes So should we be factoring that in In our decision as to whether this was an unduly suggestive photo array? I think the court should look to the fact that at the scene This witness tells EJ That she is going to contact her with information about the suspect And that EJ provided this witness, this tipster's Contact information to the Detroit Police Department Prior to them arranging the photo lineup But EJ got the photo from the tipster Before seeing the photo array Yes she did So why does it matter How suggestive the photo array is If EJ has received a photo of your client Ahead of time? Well it's important because the police The actions of the police are considered When deciding whether the photo array is unduly suggestive And I think when you look to the fact that they have the information That EJ may already have information about my client And then you put him in a photo array Where he has a darker background Where his picture is much clearer It all signs point to Mr. Radiker-Carter And that is on the action of the police Because they have that knowledge That she had prior interactions with this tipster I think the point Judge Moore is making is that The victim already knows what he looks like Because she's gotten a picture from the third party And does this photo array make any difference here She saw him at the store But she's already been furnished one photo So the fact that there's a line up here With this photo again I mean is this just not relevant? She's already made the ID Well the ID that she made was a very general description though And the description that she made She's already got a picture though I mean I just wonder if this has a lot to do about nothing No because the photo array was unduly suggestive Because of the actions of the police And because of the way that they arranged this photo array And if you look to If we move to the second step of the inquiry Her identification was unreliable Because her identification Her description of him is evolving As she's seeing these pictures As she's being told allegations that he carted his people Okay but if it's all tainted It's tainted not by the police It's tainted by a third party And therefore it's hard to see how there's a due process violation Well it's not our argument that You know that a tipster can't help That a tipster can't provide information But we do have to look at the relationship Between the tipster and the police's actions In this case The tipster's not working with the police Well the tipster said that she had basically done the police's job She is providing these photographs She's not working like an agent If she were working as an agent of the police Then I think you'd have a better argument That this identification is all tainted But when it comes from a non-government person It's hard to see how the government's to blame, that's all I understand the point that you're making, Judge Griffin But in this case The tipster provides the photographs to the police To the police department This is how they find Mr. Redhart Carter In the lean network And again, instead of staying in the lean network And getting the rest of the filler photographs To make an appropriate photo array That is not violative of due process They go to a separate database They can see the actual differences in the photo array When it's presented to EJ And we think that that does go to a finding That it was unduly suggestive And that allows us to move to the next step Where we see that EJ's identification is not reliable Because she's starting to mention things That were not mentioned When her recollection of Mr. Redhart Carter Was at its freshest We also have the problem that Your client was found driving EJ's car, correct? Yes, four days later But I do believe that is less probative of Guilt or identification Than it would be if he was found in the car On the day of Because of the way that, you know, crime happens A car is carjacked It goes to the community It goes to chop shops I think that's a less probative indication That EJ's identification was reliable Thank you Your red light is on Thank you Good morning, your honors Hank Moon on behalf of the United States I'll start and try and answer the questions in reverse The Supreme Court has been clear That we're only talking due process In eyewitness reliability cases When there is clear law enforcement misconduct That outweighs the witness's ability To make an accurate description And as your honors have pointed out We have neither of those things here You're starting with reliability It's very clear that Mr. Carter was the one Who conducted this carjacking So we don't have that problem And as Judge Moore and Judge Griffin You were questioning We also don't have a law enforcement suggestiveness problem And I'd point this court to its opinion In United States v. Watson Which relied on Perry v. New Hampshire The Supreme Court case That said, suggestiveness only reflects on Law enforcement or state conduct And here, not only was there no law enforcement conduct It was a third party There was, I guess, I want you to respond To her argument about the placement of the photo The way the photo did look different I mean, again, we're all looking at it up here It does look a little different You would have to agree? It does look slightly different So why is it not unduly suggestive? Well, those are two separate steps We only get to look at the second We only get to the second part If there's law enforcement action here And so when we look at just the photos themselves The officers were the ones Who put this ID lineup together That is correct? Right, so I'm talking about just this piece of paper With these six photos Why is it not unduly suggestive To have chosen this photo from one database And the other five from another And it looks different So I'll take both in terms In terms of the databases The officer testified at the suppression hearing That the lean database Where Mr. Carter's picture was taken from Is not searchable by characteristic So the only way to pull filler photos From that database And this is in the record Is to search by name Until you identify five people Who look substantially similar And that simply isn't An effective law enforcement technique The Detroit Police Department mugshot database Where Mr. Carter's photo was not available Is searchable by characteristic And that's what they did here So there's a reason Why the photos are slightly different And this court has been clear That when the differences are explainable And this is United States v. McComb That weighs against suggestiveness Now turning to the... Why not pick people from the mugshot database That have the same background? Well, Your Honor, I think First, if you look at the backgrounds From the mugshot database They vary in and of themselves But this defendant's background Is clearly darker The one on the right-hand corner Is on the darker side But not as dark And then the ones on the bottom Are totally white backgrounds That is correct, Your Honor That's a feature of the photographs Of the cameras that take those pictures And we don't require law enforcement To conduct a hunt for identical twins Or identical photographs here But the argument your opponent is making Is that the defendant here Does stand out Not only, at least in my printout Does he have a darker background But he also has a different shade of skin That would trigger somebody saying This guy is different Yes, Your Honor And I point this court To United States v. Washington Among others There are always differences In these photographs What is required Are substantial similarities And again, that's this court's language In United States v. Washington And here, all six photographs Are African-American men With similar hairstyles Similar facial hair And of similar age And this court has repeatedly held And that's Washington Remy Porter Soto I could go on and on That those minor differences Do not rise to the level Of impermissible suggestiveness And I'd go one step further I'm not aware of any case From this circuit Or the Supreme Court Where any of these factors Individually or collectively Have ever risen to the level Of impermissible suggestiveness The one case we found From a circuit court Where the defendant makes These three claims Complexion Background of the photo And placement Is United States v. Brennick From the First Circuit And in that court They found that it also Wasn't unduly suggestive And again, I You know, the point is not to have Six identical photographs Or individuals here The point is to provide An accurate array Or substantial similarities Amongst the individuals In order for the witness To make an identification And that's exactly What happened here Judge Ritz, you asked About top center photo First, I will say This photograph was placed there Randomly And so it wasn't done At officer suggestion And secondly, as this court pointed out In United States v. Stamper And every other circuit Has pointed out There's no indication That being in the You know, upper middle photograph Is more or less prejudicial Than in any other location I want to ask I want to kind of reflect On what Judge Griffin Was asking about And whether this is A legal determination Or a factual determination Opposing counsel says It's a legal determination That it was not suggestive Do you agree? I think at best, your honor It's a mixed question of law And fact I think it becomes clear error In factual determinations Because there are The district court Got the law correct And there are no Factual disagreements here The defense doesn't point To anything That the judge got Factually wrong They just don't like The judge's application Of the law to those facts Which would suggest to me That there would be A de novo standard of review Now You have, I believe, said In your brief It should be clear error Help me understand What it should be Your honor, I think Factual findings are clear error Right This is a mixed question As you just said Yes, your honor Wouldn't that be a de novo standard? I think whether there was A due process violation Is a de novo standard Of review And I will go back To judge Griffin's question You know We had two days Of suppression hearings In this case Not only did the judge Look at the photographs himself As your honors can do But three different witnesses Testified And there are no You know There are no Factual issues That are in dispute The defense points Repeatedly to the defendants The witness in this case's description But if your honors Look at the record The witness gave a very Nuanced And correct description Of Mr. Carter From the very beginning The body camera Is in evidence here And I would point this court To the four minute And thirty second mark When the witness Less than ten minutes From the carjacking Says That Mr. Carter's mask Wasn't very good And that if she saw him again She'd know it That's less than ten minutes After the carjacking And a day and a half Before the video So you're saying There was a two day suppression hearing It was held over two days Your honor I think it could have been done in one Am I correct That the district court's Opinion and order Denying the motion to suppress Is two pages Plus a few lines That's correct your honor Okay so The district judge Is pretty conclusory then In his opinion The opinion was short Yes And there's no other Statement on the record At the end of that hearing By the district judge I'm asking That's correct There's The written opinion is it And I think With all due respect To opposing counsel It's because Under this court And the supreme court's precedent This just isn't That close of a case You have the line up It's in color Hopefully you have that version Or I ask that you look at it The individuals in the photograph All share substantial similarities This isn't a case Where That's even close To where this court has found Unduly suggestiveness Where the photo of the defendant For example Is in color And all of the other photos Are black and white That's United States Versus Crozier Or where the defendant Is in a jumpsuit And all of the other Filler photos Are wearing civilian clothes Gels versus Mitchell And there's no police Misconduct here In Greer versus McKee This court held There was Undue suggestiveness When the officer Showed the witness The pictures of the defendant Immediately before the line up But we're nowhere close here Not only did the officers Not know that the witness Had seen a picture But they told the third party Not to share it with her And Did the third party Share the photo with the police? The third party Shared the same photographs With the police And the witness And those were photographs From social media Not the photograph Used in the line up And are those in the record? Those are in the record Your honor To include the text messages Or at government exhibit 8 Beneath Where the third party says Hey Law enforcement told me Not to share these with you But You know We're kind of in this together For summation And so I'm going to provide them anyway And so I point this court To United States versus Watson Where The witnesses saw A mug shot on television Told the officers Hey I saw a picture of the defendant I recognize him The officers Knowing she had seen a picture Then used That same photo in the line up And this court Relying on Perry said You know That wasn't unduly suggestive Because it wasn't Law enforcement Conduct And we're even one step removed From that here Because The law enforcement Officers You know Didn't ask or You know Tell the third party witness To provide that photo And so we just don't have A problem of Undue suggestiveness And even if we did The second Set here The second Neil versus Biggers factors On reliability You know Are just clear That the witnesses Testimony was reliable I Are you saying They're a Clean sweep In your favor All five of them All All of those factors Yes your honor I think all five Are Clearly in the government's favor I would point to United States versus McComb Ledbetter v. Edwards Manson versus Braithwaite You know Here the witness Had ample opportunity To view the defendant Both before the carjacking In line at the store And during the carjacking She testified on the record That she focused on his face Her degree of attenuation This court has regularly held That victims Receive higher Credibility here Or reliability And she's the victim The problem in this case though I'm hearing all of that Is Because of the The third party That shared the photo And I think Because of that Your opposing counsel Has a pretty good argument That the immediate Identification That's the guy Could have been A derivation of Having seen the photo that morning Or whatever it was It was the day before And again I would Your honor Point you to the body camera video And the witness's Description of the defendant Before she received The photograph You know She was very consistent On his appearance And was correct In her description She said Ten minutes after the carjacking She could identify The defendant And what defense Doesn't tell you Is when she received That picture From the third party Her immediate response Was That's him I recognize his features She testified At the suppressing hearing That she would have Recognized him Without the picture And she didn't need it To make that Identification So even given The fact that She received The photograph Under those Neal vs. Biggers factors The reliability here Is clear All five Favor the government And so The photograph Doesn't factor in To the step one analysis Whether there was Suggestiveness And even The defense Doesn't argue that So we don't Really get to The second point On reliability But even if we did It's the government's position That all of the factors Favor reliability here I'm happy to answer Further questions From your honors But if not I will ask you To affirm The district courts Thank you Your honor Government counsel Just said that The photos Shared substantial similarities It did not The government Says that The Philip photographs Are all of African American men That was not The witnesses Initial description Of the suspect Her initial description Was that It was a Hispanic man Possibly of Mixed race So there There we go We have the Detroit police department Creating a photo array That is not even Matched with EJ's initial description Of the suspect As to Reliability The government Acknowledges And EJ did say This at the scene That the mask Of the suspect Wasn't very good And she could Point him out At the suppression hearing She says that His mask Was hanging Totally off of his face And she sees His entire face That is not We need to look at What was her Initial description Of the suspect That is the truest And freshest recollection That she has Of the suspect Who carjacked her At the suppression hearing She says that She had her glasses on The whole time The court can review The surveillance video That was submitted to the court And the body camera footage That the government References She was not Wearing her glasses She then says At the suppression hearing Much more Specific Facial descriptions As she's looking At Mr. Radiker-Carter During the suppression hearing After she has seen Multiple photographs Of him And after she is influenced By this third party That he carjacks people For a living That he recently Was released from jail After she has All of this influence Is when she's starting To make these Very specific descriptions That she did not make Immediately at the scene Or two hours after When she is out   At her home Being interviewed By the police And so if you're looking At the biggest factors The first Opportunity to view She was not Wearing her glasses Though she called them Prescription glasses At the suppression hearing She said that She was focused On the gun And she was not sure Of what the suspects Had on She was in a very fearful And stressful situation Which does have impact On your ability On your recall memory As a degree of attention Again She said that She was focused On the gun When she was being carjacked If you look at Their surveillance video She is in line She's completing Her transaction She's not looking At the other people Who are in line With her The accuracy Yes The problem That I see Is that the photo Of your client Was presented To her By this Eyewitness Person there Who was not Connected With the police And so Why should we Issue a remedy Of suppression If The only thing The police did That is Arguably Controversial Is To put together This particular Photo array Why should That be Why should The identification Be suppressed Because The same person Whose photograph Was shared With EJ Is the same person Whose photograph Is in the top center Whose photograph Has a darker background Whose photograph Is clearer Than the other Filler photographs And whose photograph Is the only one That matches EJ's initial Description All of those Are actions That were taken By the Detroit Police Department Who arranged That photo array With the knowledge That she had had Interaction with This tipster And so we do think That those collectively Those police actions That were taken Rise to the level Of unduly suggestiveness And that cannot Be saved By EJ's Identification Of Mr. Radcliffe Carter Because of all Of the reasons That we mentioned Her inconsistencies With her description Her inconsistencies At the suppression Hearing And her asking The witness The tipster Excuse me Please send me She had a request From the witness Twice Please send me His photo I have a lineup On Wednesday I want to make sure That I get it right And so that shows That EJ was not confident In her description And what she actually did Was make the tipster's Identification of Mr. Radcliffe Carter Her own And so I see My time is up Your honors We would ask Respectfully that the court Reverse the district Court's denial Of Mr. Radcliffe Carter's Suppression hearing Thank you Thank you both For the argument The case will be submitted Thank you